IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**SIDNEY TINNEY**

    **PLAINTIFF**

vs.

**RED SNAPPER, LLC,**
**BLU SKY FOODS, LLC,**
**and MUNIR MANASRA**

    **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiff Sidney Tinney ("Plaintiff"), by and through undersigned counsel, for her Original Complaint ("Complaint") against Defendants Red Snapper, LLC, Blu Sky Foods, LLC, and Munir Mansara (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Georgia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Atlanta Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Fulton County.

6. Separate Defendant Red Snapper, LLC ("Red Snapper"), is a domestic limited liability company.

7. Red Snapper's registered agent for service of process is Tawfek Awwad at 3330 West Brook Lane, Suwanee, Georgia 30024.

8. Separate Defendant Blu Sky Foods, LLC ("BSF"), is a domestic limited liability company.

9. BSF's registered agent for service of process is Mary Manasra at 64 Goldrush Circle, Atlanta, Georgia 30328.

10. Separate Defendant Munir Manasra ("Manasra") is an individual and resident of Georgia.

### IV. FACTUAL ALLEGATIONS

11. Manasra is a principal, director, officer, and/or owner of Red Snapper and BSF.

12. Manasra, in his role as an operating employer of Red Snapper and BSF, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

13. Manasra took an active role in operating Red Snapper and BSF and in the management thereof.

14. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

15. Upon information and belief, the revenue generated from Red Snapper and BSF was merged and managed in a unified manner.

16. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as food and beverage products.

18. Plaintiff regularly used instrumentalities of interstate commerce such as her cell phone and the internet in carrying out her job duties or to communicate with Defendant regarding her job duties and work schedule.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

21. Defendant paid Plaintiff an hourly wage.

22. Defendant employed Plaintiff as an hourly-paid Cook from February of 2022 until May of 2022.

23. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

24. Plaintiff regularly worked over forty hours in a week.

25. Defendants paid Plaintiff her regular hourly rate for all hours worked. In other words, Defendants did not pay Plaintiff an overtime premium for hours worked over forty in a week.

26. Plaintiff recorded her hours via Defendants' electronic timekeeping system.

27. Defendants set Plaintiff's schedule.

28. The work that Plaintiff performed was all or almost all completed on Defendants' premises.

29. Defendants knew or should have known that Plaintiff worked hours over forty in some weeks.

30. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all hours worked over 40 each week.

31. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. CLAIM FOR RELIEF

32. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

33. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

34. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

35. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

36. Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

37. Defendants knew or should have known that their actions violated the FLSA.

38. Defendants' conduct and practices, as described above, were willful.

39. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

40. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled

to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sidney Tinney respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendants to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SIDNEY TINNEY**

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

*s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

*LOCAL COUNSEL FOR PLAINTIFF*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Patrick Wilson*
William Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

*/s Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*
*PHV Motions To Be Filed*